UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-14290-CIV-GRAHAM/LYNCH

JAMES E. RUMPH,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

    Defendant.
_____/



FILED by ___ D.C.

DEC 21 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT (DE 9)

**THIS CAUSE** comes before this Court upon the above Motion. Having reviewed the Motion, noting that the Defendant has answered the Complaint, this Court recommends as follows:

1. Upon granting the Plaintiff in forma pauperis status, the U.S. Marshal undertook service of process on the Defendant on the Plaintiff's behalf. The return of service shows that the Defendant was served on three occasions, first on October 13, 2009. The handwriting on the most recent return of service is unclear but it possibly is either October 16 or 18, 2009. On December 18, 2009, the Clerk of Court docketed a Motion filed by the Plaintiff which this Court construes as a motion for the entry of default. Also on December 18, 2009, the Defendant answered the Complaint.

2. Pursuant to Rule 12(a)(2), Fed.R.Civ.P., the United

States has 60 days within which to answer a complaint. Going by the most recent service of process date, October 18, 2009, the Defendant's Answer was due by December 17, 2009. Therefore the Defendant is in technical default.

3.  Despite the Defendant's technical default, this Court, upon its own motion, sees good cause to set the default aside. For one, the Defendant's Answer comes only a day (or just a few days) late. More importantly, though, judicial policy favors a decision on the merits of the case over one by default due to procedural missteps. See Marschhauser v. The Travelers Indem. Co., 145 F.R.D. 605, 610 (S.D. Fla. 1992). This policy holds true even for judgments entered by default. See in re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003). See also, Rule 55(d), Compania Interamericana v. Compania Dominicana, 88 F.3d 948, 951 (11th Cir. 1996), Arevalo v. U.S., 2008 WL 3874795, *6 (E.D. Pa. 2008). This Court sets the default aside upon its own motion so that the case may proceed to a decision on its merits more expeditiously.

**ACCORDINGLY,** this Court recommends to the District Court that the Plaintiff's Motion for Default be **DENIED** notwithstanding the possible technical default.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States

District Judge assigned to this case.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 21st day of December, 2009.

                                                                   _____
                                                                   FRANK J. LYNCH, JR.
                                                                   UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Donald L. Graham
       Stephanie I.R. Fidler, AUSA

       James E. Rumph, pro se
       2800 Sheraton Blvd.
       Ft. Pierce, FL 34947